.The opinion of the Court was filed on April 13, 1863, and was as follows per:
Conyngham, P. J.
. The bill filed is under oath and this with the additional affidavit of Mr. Alexander, is submitted to us, while the defendant *549 files no answer or affidavit denying any of the facts set forth upon the part f he plaintiff. We are called upon then to act at this time upon the charges set forth in the bill. The great •object of the plaintiff’s bill is to procure the removal of what may ibe called the new l’ailroad with the attendant chutes, &c. We cannot do this by a preliminary injunction, and when the right depends lipón so important a legal question as that raised in the argument and which until settled must be considered doubtful,- it does not present a clear case, in which a Court of Equity will interfere in the summary way now desired to prevent its occupation and use.
So far, however, as regards the allegation, of continually putting or discharging upon'plaintiff’-s land quantities of coal, stone, slate, ctdm and dirt, the case is different. It is true that a Court will not act by injunction in a case of a single and ordinary trespass, leaving all such questions to a suit at^law for damages, but when the trespasses are so continuous as alleged here, so as to be ■constant^ putting.upon the plaintiff’s land larger quantities of the refuse referred to, from its very continuance necessarily doing permanent mischief to the land covered up by it, and being in fact a nuisance. Equity will interfere. It will thus interfere where evidently the covering up of a man’s land is scarcely susceptible of adequate compensation by damages and where the •end at .any rate, can only be obtained by oppressive and interminable ’litigation or the multiplicity of suits; see 2 Story Eq., Sect. 925, 926 — Brighly’s Eq., Sect. 291; 3' Daniel’s Chancery, 321-2. I cannot think that w-here a person is turning daily on to a .neighbor’s land carloads of culm, slate,,dirt and other refuse of the coal bed, equity will refuse to grant its 'interference so as to prevent the evident injury, because the party injured has the' right to resort to daily suits and annoying litigation ; it is better .that the party should be restrained at once, as under the allegs= tion that it has become a private nuisance which the Court will .always endeavor to stop.
The Court then directs that upon the plaintiff’s filing a bondi in the penal sum of one thousand dollars, with sufficient sureties *550 to be approved of by this Court, conditioned to idomnify the defendant from all damages that may be sustained by reason of the injunction to be ordered according to the Act of Assembly in such case made, that a special injunction issue to restrain until answer or further order, the defendant from the further discharging or putting upon the lands of plaintiff as charged in the bill, coal, slate, culm, dirt, &c., outside of the bounds of his lateral railroad, upon filing such bond, &c., the decree to be drawn up by counsel. •
The Court further states that as the present bill involves ques- ' tions dependent upon the effect of the Original railroad located many years since, the defendant upon filing, his answer may enter a notice to dissolve this inj unction returnable before the special Court to be held in June next, to which Court this cause-will be transferred. *
Note. — This-case was subsequently taken to the Supreme Court, and the principle affirmed in Lance’s Appeal, 55 Pa. 16.,